UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DURRELL DRUMMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-1405-JBM-JEH |
| | ) |
| WEXFORD HEALTH SERVICES, INC., | ) |
| EDWARD L. MONTWILL, and | ) |
| ANDREW TILDEN, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

**JOE BILLY MCDADE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Durrell Drummond's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Plaintiff Durrell Drummond has filed the instant suit under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs. Drummond is currently being housed by the Illinois Department of Correction ("IDOC") at the Pontiac Correctional Center, but Drummond claims that, while he was housed at the Danville Correctional Center, Defendants Edward Montwill and Andrew Tilden (both doctors) refused to arrange for surgery for his glaucoma. Drummond claims that both Montwill and Tilden knew that an eye specialist had examined him and had told him that surgery was necessary; otherwise, he could go blind.

Nevertheless, Drummond contends that neither Montwill nor Tilden would arrange for his eye surgery. Drummond alleges that neither Montwill nor Tilden would arrange for his eye surgery because their employer, Wexford Health Services, Inc., maintains a policy of delaying inmates' surgeries until the inmates are released so that the inmates will have to bear the costs of paying for the surgery instead of Wexford or IDOC.

"Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)("Deliberate indifference to serous medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."); *Walker v. Benjamin*, 293 F.3d 1030, 1036-37 (7th Cir. 2002)(noting that the Eighth Amendment applies to the states through the Fourteenth Amendment). The deliberate indifference standard requires an inmate to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same).

Here, Drummond alleges that Montwill and Tilden knew of his serious medical condition, but they refused to treat him. Drummond alleges that he is in pain as a result of not receiving a needed eye surgery and that he could go blind without the surgery. As such, Drummond has stated a deliberate indifference claim under the Eighth Amendment against Montwill and Tilden.

As for Wexford, it may only be held liable as Montwill and Tilden's employer if Wexford maintained an unconstitutional policy or practice that caused Drummond to suffer a constitutional deprivation. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691-92

(1978). Drummond has alleged that Wexford maintained a policy of delaying inmates' surgeries until the inmates are released. As such, Drummond has stated a claim against Wexford.

Finally, Drummond's motion for counsel and motion for status are denied. Drummond's motion for status is denied in light of this Order. As for his motion for counsel, the Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself . . . . The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original). In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013).

As the Seventh Circuit has acknowledged, "[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. *DeWitt v. Corizon, Inc.*, ___ F.3d ___, 2014 WIL 3686080, * 2 (7th Cir. July 25, 2014)(internal quotation omitted). Although the Seventh Circuit has held that

appointment of counsel should occur in cases in which counsel would have made a difference in the outcome of the litigation (*Santiago v. Walls*, 599 F.3d 749, 465 (7th Cir. 2010)), the Seventh Circuit has also held that the test for appointment of counsel is not whether a lawyer could more effectively handle the case. *Pruitt*, 503 F.3d at 655. The test is whether the litigant is competent to litigate his own claims. *Id*.

In the instant case, Drummond appears to be literate; he has filed cogent pleadings with the Court; and his claim has survived a merit review. Moreover, Drummond's claims are not so novel or complex that he cannot litigate it himself. *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997)(expert not necessary to determine whether Defendants were deliberately indifferent). Claims by prisoners that prison officials and doctors have been deliberately indifferent have become all too routine. An abundance of case law exists to guide Drummond in what he must prove in order to prevail in this case.

Based upon the Court's review at this point in the litigation, Drummond's case hinges on Defendants' intent in providing treatment and in denying treatment. Drummond must show that Defendants' decisions should not be afforded deference, and Drummond is capable of offering his own testimony and medical evidence obtained through discovery to support his claim if such support is possible to obtain. Drummond has personal knowledge of the facts supporting his claim and appears cable of cross-examining Defendants regarding their version of the events. *Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Drummond has offered no reason why he cannot litigate this case or why his case differs from any other of the plethora of prisoner pro se plaintiffs who ask for the appointment of counsel in almost every case filed. *DeWitt*, ___ F.3d ___, 2014 WL 36386080, at * 2-4. Drummond appears competent to litigate this case himself, and therefore, the Court denies his motion for appointment of counsel.

**IT IS, THEREFORE, ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim against Defendants for deliberate indifference to his serious medical need. This case proceeds solely on the claims identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff's motion for counsel [5] and his motion for status [6] are DENIED.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing him a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. If Defendants no longer works at the address provided by Plaintiff, the entity for which Defendants worked while at that address shall provide to the Clerk said Defendants' current work address, or, if not known, said Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT is further ORDERED THAT the Clerk is directed to: 1) show Plaintiff's motion for status [6] denied as moot in light of this Order; 2) show Plaintiff's motion for counsel [5] denied; 3) attempt service on Defendants pursuant to the standard procedures; and 4) set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of serviced and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate**

7

**steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this 12th day of December 2014.

              _____/s Joe Billy McDade_____
                 JOE BILLY MCDADE
               UNITED STATES DISTRICT JUDGE